IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,810-01






EX PARTE RICARDO CASTILLO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-389-C IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he advised
Applicant that if he pleaded guilty, the charges against his mother would be dismissed. Applicant
also contends that although the State agreed, as a condition of Applicant's guilty plea, that the
charges against his mother would be dismissed, the State breached the plea agreement. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If the trial court
finds that the charges against Applicant's mother were not dismissed, it shall provide Applicant's
trial counsel and the prosecutor with the opportunity to respond to Applicant's claims. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether the charges against Applicant's
mother were dismissed. If they were not, the trial court shall then make findings of fact and
conclusions of law as to whether Applicant's plea was rendered involuntary and the State breached
the plea agreement. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. If available, the reporter's record
of the plea hearing shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: April 29, 2009

Do not publish